IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

## STATE OF TENNESSEE v. CHRISTOPHER A. DAVIS

**Criminal Court for Davidson County**
**No. 96-B-866**

---

**No. M2003-00380-CCA-R3-CO - Filed June 25, 2004**

---

The Petitioner, Christopher A. Davis, appeals the trial court's denial of his petition for writ of error coram nobis. The State has filed a motion requesting that this Court affirm the trial court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals. The Petitioner failed to file his petition within the applicable statute of limitations, failed to assert a claim that is cognizable in a petition for writ of error coram nobis, and the statute of limitations should not be tolled. Accordingly, the State's motion is granted and the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

DAVID H. WELLES , J., delivered the opinion of the court, in which JERRY L. SMITH and, ROBERT W. WEDEMEYER, JJ., joined.

Hershell Koger, for the appellant, Christopher A. Davis.

Paul G. Summers, Attorney General & Reporter; Elizabeth Bingham Marney, Assistant Attorney General, for the appellee, State of Tennessee.

### MEMORANDUM OPINION

Petitioner filed a petition for a writ of error coram nobis in the trial court on November 5, 2002. Consistent with the Supreme Court's ruling in State v. Mixon, 983 S.W.2d 661, 672 (Tenn. 1999), petitioner filed a motion for stay of the appellate proceedings in this court on the same day that he filed his petition for writ of error coram nobis in the trial court. This court denied the stay after determining that the petition for writ of error coram nobis was time barred, the statute of limitations should not be tolled, and the evidence presented was not newly discovered evidence as required for the grant of a writ of error coram nobis. Petitioner proceeded with the petition for writ of error coram nobis in the trial court. The trial court subsequently denied the petition, and appellant appealed. The State has filed a motion to affirm the trial court pursuant to Rule 20 of the Rules of the Court of Criminal Appeals.

A brief summary of the facts was set forth in this court's order denying the motion to stay the appellate proceedings as follows:

> In the trial court, appellant was found guilty of two counts of first degree murder, two counts of felony murder, two counts of especially aggravated robbery, and two counts of especially aggravated kidnapping. The felony murder counts were merged into the first degree murder counts. Appellant was ultimately sentenced to death on both counts of first degree murder. Additionally, he was sentenced to two concurrent twenty-five year sentences for the especially aggravated robbery counts and two concurrent twenty-five year sentences for the especially aggravated kidnapping counts.
>
> Pretrial, appellant filed a motion to disqualify the Davidson County District Attorney General's Office. Appellant's argument for disqualification centered around the fact that the trial judge's former law clerk, who had been involved in at least one ex parte proceeding, had joined the Davidson County District Attorney General's office as a prosecutor. The trial judge ruled that while his former law clerk was prohibited from any participation in the case, the office of the Davidson County District Attorney General was not disqualified from the case. As a result, the Davidson County District Attorney General's office continued to prosecute the case.
>
> Appellant asserts in his . . . petition for writ of error coram nobis that he saw one of the State's "significant" witnesses, enter a car with the judge's former law clerk during his trial. Appellant further alleges that this fact is newly discovered evidence that the judge's former law clerk's actions were contrary to the orders of the trial court; that the former law clerk's actions created another conflict of interest in the Davidson County District Attorney General's office; that the actions of the former law clerk created another appearance of impropriety; and that said actions should be considered with respect to the appellant's pretrial motion to disqualify.

*State v. Christopher A. Davis*, No. M2001-01866-CCA-R3-DD (Order, Nov. 12, 2002).

In this appeal appellant again acknowledges that he witnessed the contact between the witness and the disqualified attorney during the trial[1], but he contends that he did not realize the

---

[1] Attorney Phillip Wehby has denied Petitioner's allegations by way of affidavit.

2

significance of the contact until after he read the brief his attorney forwarded him during his direct appeal. After reading the brief in his direct appeal, appellant forwarded a letter to his attorney on March 16, 2002, asserting for the first time that he saw Antonio Cartwright enter a car with Phillip Wehby during his trial. After receiving petitioner's letter, counsel for petitioner filed a petition for writ of error coram nobis in the trial court on November 5, 2002.

The petition for writ of error coram nobis is time barred. A petition for writ of error coram nobis must be filed within one year of the time judgment becomes final in the trial court. Mixon, 983 S.W.2d at 671. As this court determined in its previous order, the trial court's judgment became final July 12, 2001, when petitioner's motion for new trial was denied. Although petitioner knew the information during trial, he did not raise it. Petitioner asserts that he did not have the opportunity to present this evidence at trial, but such argument must fail. Petitioner, himself, allegedly witnessed the contact between the witness and Mr. Wehby during trial. He could have advised his counsel of this information, and counsel then could have raised the issue at trial. Instead, petitioner waited almost two years from the time of trial to notify his counsel of this alleged contact between the witness and Mr. Wehby. Counsel asserts that the timeliness of his petition should be determined from March 16, 2002, the date on which petitioner advised him of the alleged contact between Mr. Wehby and the state's witness, but such argument is not supported by law. Petitioner waited until November 5, 2002, more than one year after the judgment became final, to bring this information to the trial court's attention. The petition is time barred.

In addition to the petition being time barred, the petition also fails to assert subsequent or newly discovered evidence, as required for a writ of error coram nobis. It is the law in Tennessee that a writ of error coram nobis should be granted when "subsequently or newly discovered evidence . . . may have resulted in a different judgment, had it been presented at trial." Tenn. Code Ann. § 40-26-105 (1997 Repl.). As this court has previously held, the writ is "an exceedingly narrow remedy appropriate only when an issue was not addressed or could not have been addressed at trial because it was somehow hidden or unknown and would have prevented the rendition of the judgment had it been known to the court." Newsome v. State, 995 S.W.2d 129, 133 (Tenn. Crim. App. 1998)(emphasis in original). By appellant's own admission, he witnessed the alleged contact between the State's witness and the disqualified law clerk during the trial. As a result, the evidence submitted in support of appellant's petition does not constitute subsequently or newly discovered evidence. Petitioner asserts in his brief to this court that "the instant coram nobis issue is an issue that could not have been litigated at the time of the trial, given the timing of the 3/16/02 letter." While it is true that counsel did not have the benefit of having the letter or the information contained therein during the trial or when preparing the motion for new trial, appellant had knowledge of the information contained in the letter at the time of trial. Accordingly, the evidence presented in the petition for writ of error coram nobis does not constitute newly discovered evidence. Furthermore, as this court determined in the order denying the motion for stay, the statute of limitations should not be tolled pursuant to Workman v. State, 41 S.W.3d 100 (Tenn. 2001).

Accordingly, the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____

DAVID H. WELLES, JUDGE